## W. R. Hill, Administrator, v. Enoch and Pearl Escort.

### Decided March 15, 1905.

**1.—Gift—Savings Bank Deposit—Pleading.**

In an action against the administrator of an estate for the conversion of certain money which his deceased intestate had deposited in a savings bank, allegations in plaintiff's petition that the money was not the property of the estate, but was the separate property of plaintiff, given, conveyed and delivered to her by the deceased, who was her father, prior to his death, were sufficient as to the ownership of the money, it not being necessary for plaintiff to plead the evidence relied on to establish the gift.

**2.—Same—Parol Evidence.**

A gift of money deposited in a savings bank may be proved by parol as well as by written evidence.

**3.—Administrator—Conversion—Liability.**

An administrator who obtains and converts money belonging to another, under the belief that it belongs to the estate he represents, is liable therefor both in his individual and his representative capacity, and the sureties are liable on his official bond.

**4.—Same—Demand—Condition Precedent.**

No demand for the money was necessary as a condition precedent to its owner's right to sue for and recover it from the administrator and his sureties.

**5.—Same—Pleading—Breach of Official Bond.**

Plaintiff having alleged the execution by the administrator of his official bond and a breach thereof, a failure to allege the conditions of the bond did not subject the petition to general demurrer.

**6.—Gift of Savings Bank Deposit.**

Where a depositor in a savings bank, with intent to make a gift of the deposit to his daughter, delivered to her his bar´ pass book and also a check for the entire amount deposited, this was a ˙ alid and effectual gift of the money although the book and check were not presented to the bank until after the donor's death. The right and title to the money passed to the donee, whether the gift be regarded as inter vivos or mortis causa.

**7.—Same—Recovery from Administrator.**

Where there was no allegation or proof of insolvency of the donor's estate the donee of the money could recover it from his administrator who had withdrawn it from the bank and converted it as an asset of the estate.

Appeal from the County Court of Galveston. Tried below before Hon. Lewis Fisher.

*R. H. & Alice S. Tiernan,* for appellants.

*Wm. B. Lockhart, for appellees.*—1. Hill having obtained the money under color of his office, and in his representative capacity, was liable in his representative capacity. Robinns, Administrator, v. Walters, 2 Texas, 130; Schmitt v. Jacques, 62 S. W. Rep., 956; DeValengins, Administrator, v. Duffy, 14 Pet. (U. S.), 282, 10 L. Ed. 457. Having so obtained, and received the money as assets of the estate, his sureties are also liable. Batsell v. Richards, 80 Texas, 507; Schmitt v. Jacques, 62 S. W. Rep. 956; Heidenheimer v. Brent, 59 Texas, 534; In re Hobson's Will, 61 Hun, 504, 16 N. Y. Supp., 371.

2. No demand was necessary as against the principal, Hill, and therefore none was necessary as against his sureties. Robinns, Administrator, v. Walters, 2 Texas, 130; Dunn v. Choate, 4 Texas, 19.

3. The petition alleged, and the proof showed a valid and completed gift of the $500 in the Peoples Bank to Pearl Escort by her father, Henry Johnson, prior to his death. 24 Am. Dig., Century Ed., cols. 2536-2539, and cases there digested: Ellis v. Secor, 31 Mich., 185, 18 Am. Rep., 178; Jarrell v. Crow, 71 S. W. Rep., 397; Cowen v. Bank, 94 Texas, 547; Doty v. Caldwell, 38 S. W. Rep., 1025; 14 Am. & Eng. Ency. Law (2d ed.), 1060.

NEILL, ASSOCIATE JUSTICE.—The appellee, Pearl Escort, joined by her husband, claiming that the deceased gave her $500 on deposit to his credit in the Peoples Bank of Galveston, and that appellant,

Hill, as temporary administrator of his estate, had drawn it from the bank, claiming it as an asset of said estate, brought suit against him as such administrator, and Ed McCarthy and John Wagner, the sureties on his bond, for the money, and recovered the judgment from which this appeal is prosecuted.

The facts are undisputed that Hill is the temporary administrator of the estate of Henry Johnson, deceased, and that the other appellants are the sureties on his official bond; that prior to and at the time of Johnson's death he had on deposit in the Savings Department of the Peoples Bank of Galveston $500, evidenced by his passbook, in which was printed the rules governing saving deposits of that institution. Among the rules are these: "The passbook must always be brought when money is to be drawn. The possession of the passbook will be regarded the test of ownership, and the bank will not be liable for a false order if accompanied by the book."

On December 27, 1903, Henry Johnson, during his last illness, sent for his attorney and told him that he wanted to give all his property to his daughter, Pearl Escort, his only child, who is the wife of Enoch Escort, and requested the attorney to draw the papers necessary to affect his wish in that regard. In pursuance of such request the attorney drew a check on the bank in favor of Pearl Escort for $500, the entire amount of the deposit, which was signed by him and given, with his passbook, to Mrs. Escort, he at the time telling her that he gave her the $500. Mr. Johnson died at the Sealy Hospital, in Galveston, on the 29th of December, 1903, two days after the transaction referred to occurred.

The passbook and check have been in Mrs. Escort's possession ever since her father gave them to her. She never presented either to the bank for the money or notified it that the money had been given her by her father, or gave the bank any information in regard to the transaction.

On the 8th day of January, 1904, W. R. Hill, having been appointed by the County Court of Galveston County temporary administrator of the estate of Henry Johnson, deceased, executed a bond with Ed McCarthy and John Wagner as sureties, conditioned as required by law, which was duly approved by said court, as such administrator, qualified by taking the oath of office, and entered upon his duties under his appointment. Whereupon he collected, as such administrator, from the Peoples Bank of Galveston the $500 deposited in its savings department to the credit of his intestate, the money which had been given by deceased, as above stated, to his daughter, Mrs. Pearl Escort. After making such collection he, as temporary administrator of the estate, on the 18th day of January, 1904, filed his report showing that he had collected said sum of money as the property of deceased's estate.

It was admitted on the trial that W. R. Hill "is the duly appointed and acting temporary administrator of the estate of Henry Johnson, deceased, and that Ed McCarthy and John Wagner are the sureties on his official bond, and that Hill has collected, as such temporary administrator, from the Peoples Bank of Galveston, Texas, the said sum of $500, and is holding the same as such temporary ad-

ministrator of the estate of Henry Johnson, deceased, as the property
of said estate."

*Conclusions of Law.*—1. To this statement of a cause of action,
good as against a general demurrer, it was not necessary that plain-
tiffs' petition should, as to the ownership of the money, allege more
than that it was "not the property of the estate of Henry Johnson,
deceased, but was and is the separate property of petitioner, Pearl
Escort, the same having been given, granted, conveyed and delivered
unto her, the said Pearl Escort, by said Henry Johnson, deceased,
who was her father, prior to his death." Nor was it essential that
the evidence upon which plaintiffs relied to establish such gift should
be averred. If there was a gift of the money, it could be proved
by parol as well as by written evidence. However, even had it been
essential to the validity of the gift that it should be evidenced by
a writing, it would not have been necessary to aver such writing in
order to prove it.

2. Where an administrator obtains and converts property belong-
ing to another under the belief that it belongs to the estate of
his intestate he is liable in his representative as well as in his
individual capacity to the owner for the value of the property; and
when sued in his representative capacity, the sureties are liable on
his official bond, if his liability is established. Schmitt v. Jacques,
26 Texas Civ. App., 125, 62 S. W. Rep., 956; Robbins, Administrator,
v. Walters, 2 Texas, 130.

3. No demand on Hill nor on his sureties for the money was
necessary as a condition precedent to plaintiffs' right to sue and
recover. Nor was it essential, as against a general demurrer, for
plaintiffs to aver, having alleged its execution and breach, the condi-
tion of the bond; for its condition was prescribed by statute, and the
averment of the execution of such a bond carried with it the pre-
scribed condition. A bond with other than the statutory condition
would not have sustained the allegations in the petition of its execu-
tion and breach.

4. It is well established that the delivery of a savings bank pass-
book with an order for the payment of the whole deposit for the
purpose of transferring the money to the donee is a valid gift, and
is effectual, although the book and order are not presented to the
bank until the donor's death. Kimball v. Leland, 110 Mass., 325;
Davis v. Ney, 125 Mass., 590; Sheedy v. Roach, 124 Mass., 475, 26
Am. Rep., 680; Pierce v. Boston Five Cent Sav. Bank, 129 Mass.,
425; Glynn v. Seaman's Bank, 111 N. Y., 682; Ridden v. Thrall,
125 N. Y., 572; Beaver v. Beaver, 117 N. Y., 421; Hannon v. Shee-
han, 46 N. Y. S., 565; Minor v. Rogers, 40 Conn., 512; Kerrigan
v. Rautigan, 43 Conn., 17; Tillinghast v. Wheaton, 8 R. I., 536, 5
Am. Rep., 621; Curtis v. Portland Sav. Bank, 77 Me., 151, 52 Am.
Rep., 750; Schollmier v. Schoendilen, 78 Iowa, 426; 43 N. W., 282;
Camps App., 36 Conn., 88, 4 Am. Rep., 39. Therefore, it being an
assignment of a deposit in a savings bank, it is immaterial whether
the gift be regarded as *inter vivos* or *mortis causa,* for under either
view the title and right to the money passed to Mrs. Escort; and,

there being no allegations or proof of insolvency of the estate, she has the right to recover it from the administrator, who withdrew it from the bank and appropriated it as an asset of the estate of his intestate.

There is no error in the judgment and it is affirmed.

*Affirmed.*