### A. T. OGG v. THE STATE.

No. 2984. Decided May 10, 1905.

**Leaving Dead Horse in a Public Road—Statute Construed.**

The offense defined in article 425, Penal Code, refers to cases where the animal is in the actual or manual possession of the person who leaves the dead body or carcass thereof in any public road or highway, and where the horse died in a ten-acre pasture of defendant near a public road, where the carcass remained, the statute was not violated.

Appeal from the County Court of Falls. Tried below before Hon. W. E. Hunnicut.

Appeal from a conviction of unlawfully leaving the dead carcass of a horse near a public road; penalty, a fine of $5.

The opinion states the case.

*Rice & Bartlett,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted, under article 425, Penal Code, of the offense of leaving a dead horse near a public road. The facts call for a construction of article 425, which was passed on April 7, 1874, which has never been before the courts for interpretation so far as we are advised. Said article reads, as follows: "If any person shall leave the dead carcass or body of any horse * * * which died in the actual possession of such person, in any public road or highway, or in any street or alley of any village, town or city in this State, or within fifty yards of such public road, highway, street or alley, he shall be fined not less than $5 nor more than $100." The facts presented in the record show that appellant lived in the neighborhood of the little town of Chilton, in Falls County; that he owned a pasture of about ten acres, surrounding his house, and that this pasture fence ran along the public road from Chilton to the mouth

of Cow Bayou; that appellant turned his horse into said pasture, and it died within said pasture, and within about ten feet of the public road. The proof did not show that appellant had manual possession of said horse at the time of his death, but it seems that he was turned loose and was running in the pasture when he died. Evidently this showed that said horse was in the possession of appellant at the time of his death. But was he in the actual possession of appellant, as contemplated by the above statute? Said article requires that the animal die "in the actual possession of such person"; and we think it was intended to apply to those character of cases where the animal dies while he was actually being used by the owner. That is, in his manual possession at the time of his death. It refers to cases where one is riding or driving a horse, or other animal along some public highway, and such horse or other animal becomes sick and dies on or near such road or highway. In contingencies of this character, he is not permitted to leave the animal to obstruct the public highway or create a nuisance, but under penalty of the law, is required to remove the same. Believing that such was the intention of the Legislature which passed the law in question, we hold that appellant is not liable to prosecution under the facts of this case for a violation of said statute.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*