## COKE & REARDON v. JENNIE B. IKARD ET AL.

### Decided May 20, 1905.

**1.—Parol Gift of Cattle to Minor—Delivery by Recording Mark and Brand— Statute of Frauds.**

Where a father made a gift of cattle to his minor children of tender years by causing a number of calves selected from his herd running upon the open

range to be marked and branded in a separate mark and brand which he had recorded in their names, this was, although the father continued to manage and control the cattle, a sufficient delivery of them to meet the requirement of the statute of frauds making actual delivery essential to a parol gift. Rev. Stats., art. 2546.

**2.—Adverse Possession for Minors—Title in Trust.**

Where a father held adverse possession for his children for over 15 years of land conveyed to another in trust for them, the children, by virtue of such possession acquired title to the land as against creditors of the father, even though the conveyance made in trust for them was procured by the father in fraud of his creditors.

**3.—Trial Upon Special Issues—Findings by Court After Judgment.**

Where a case has been tried upon special issues submitted to the jury and judgment entered accordingly, the Appellate Court will not consider findings of the trial judge, made after the entry of the judgment, upon issues tendered but not submitted to the jury.

Appeal from the District Court of Clay. Tried below before Hon. A. H. Carrigan.

*Montgomery & Hughes, W. T. Allen, R. E. Taylor* and *S. A. Denny,* for appellant.

*Matlock, Miller & Dycus,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The lands in controversy, situated in Clay County, were levied on and advertised for sale as the property of W. S. Ikard in January, 1903, under a judgment recovered against him and others by the City National Bank of Dallas in March, 1888, and subsequently revived. The title to the lands then stood in the name of M. F. Ikard. Willie S. Carrow, joined by her husband, Richard Carrow, and Jennie B. Ikard, daughters of W. S. Ikard, claiming to be the equitable owners of the lands, undertook to enjoin this sale; but-this relief was denied them. Brown v. Ikard, 8 Texas Court Reporter, 943, 77 S. W. Rep., 967. Thereupon M. F. Ikard conveyed the legal title to them, and they brought this suit against Coke & Reardon, owners of the judgment and purchasers at execution sale (literally purchasers from plaintiff in execution after the sale), to recover the lands.

Besides pleading the general issue, Coke & Reardon made W. S. Ikard and wife parties to the suit and as judgment creditors sought in the alternative to subject the lands in some way to the payment of their judgment, claiming that W. S. Ikard, as against his said daughters, had some such interest therein as a court of equity should apply to the payment of his debts.

At the request of defendants, the case was submitted to the jury on special issues, and, on motion of plaintiffs, judgment was entered in their favor on the verdict. The next day, and after the jury had been discharged and the judgment entered, at the further request of defendants, the court made additional findings of fact, which are here relied on by them as an answer to the verdict in favor of plaintiffs on the issue of limitation.

*Conclusions.*—The findings made by the jury, together with such other findings of fact as the judgment in favor of appellees imports, all of which were warranted by the evidence, we adopt. These findings establish:

1.   That the lands in controversy, which were purchased and conveyed to M. Ikard in November, 1888, just after W. S. Ikard had become insolvent, were purchased for Willie S. and Jennie B. Ikard, and not for W. S. Ikard.

2.   That they were paid for out of the proceeds of cattle which had been given by W. S. Ikard to them when he was entirely solvent and before he became indebted to the City National Bank of Dallas.

3.   That ever since the conveyance of the lands to M. Ikard—more than fifteen years ago—W. S. Ikard has held adverse possession of said lands not for himself, but for his said daughters.

It is thus seen that long before the legal title was conveyed to Willie S Carrow and Jennie B. Ikard, the equitable title was in them. This is controverted by appellants, however, on the ground that the gift of cattle from W. S. Ikard to his children did not take effect for want of delivery. True, these children were quite young when this gift was originally made, so much so that they were incapable of accepting it. It is also true that W. S. Ikard never ceased to manage and control the cattle. But he caused a number of calves selected from his herd to be marked and branded in a separate mark and brand, placing the brand on record in the name of Willie S. Ikard, his oldest child, and afterwards substituting a new brand, which was recorded in the name of J. B. as well as Willie S. Ikard. In thus marking and branding for his said children cattle, which were running on the range in Western Texas with a large herd belonging to himself and others, he seems to have made all the delivery the nature of the property under the circumstances was capable of, and such delivery as had been held to be "equivalent to actual delivery" at quite an early day in Texas. Hillebrandt v. Brewer, 6 Texas, 45. If this amounted to actual delivery as construed by the Supreme Court in that case, we fail to see that anything more was required by the statute so much relied on by the appellants, making actual delivery essential to a parol gift. Revised Statutes, article 2546. In this connection it may be noted that ever since 1848 we have had a statute in Texas providing that minors owning cattle "separate from that of the father or guardian" may have a recorded mark and brand. Revised Statutes, article 4926. By statute, also, title to cattle running on the range passes by sale of the mark and brand. Revised Statutes, article 4942. Since, then, the recorded brand is made by statute the means of establishing and transferring title to property so situated, it seems not unreasonable to hold that when W. S. Ikard caused a portion of the increase of his herd of cattle to be seized and branded in the brand which stood on the records of marks and brands in the name of his child or children a complete change of actual possession took place, and that this method of making a gift of such property to those incapable of accepting it met the requirements of the statute on the subject of gifts quite as well as any other form of delivery would have done.

As to the feature so much relied on by the appellants, of possession and control on the part of W. S. Ikard after he had made the gift, that

was also a feature of the case above cited.  Besides, we have here the additional feature of a gift from the grandfather of Willie S. and J. B. Ikard, by marking and branding calves belonging to him for them, as to which there was undoubtedly both a complete and continued change of possession.  But if no title to the cattle passed for want of actual delivery we are yet inclined to the opinion that the appellees acquired title to the land by the long adverse possession taken and held by W. S. Ikard for them under deeds placing the legal title first in M. Ikard and then in M. F. Ikard for them.  Evans v. Guipel, 35 S. W. Rep., 940.

We are also of opinion that the cross action, if otherwise maintainable, was a stale demand and barred by limitation.

The finding of the judge made after the case had been tried and judgment entered on the special verdict we treat as irrelevant, thus sustaining the cross-assignment complaining of that action.  We know of no authority for such a proceeding.  These findings covered issues tendered on the trial by appellants, but which they failed to have submitted to the jury, as was their duty, if they desired to avoid the issue of limitation pleaded against them.  They should not have been allowed to come into court after the battle had been fought and lost and have the judge further try the case on controverted issues not submitted to the jury.

The judgment is therefore affirmed.

*Affirmed.*