## WEEMS v. FIRST NAT. BANK OF WINNSBORO et al. (No. 8598.)

(Court of Civil Appeals of Texas. Dallas. Nov. 19, 1921.)

**I. Gifts ⬩⟱30(I)—Incorporeal property not within Code providing that gifts must be in possession of donee.**

Rev. St. art. 3968, providing that no gift shall be valid unless by deed or will or unless actual possession shall have come to and remained with the donee or one claiming under him, does not apply to incorporeal property such as a bank deposit.

**2. Gifts ⬩⟱66(I)—Physical delivery of incorporeal property not required.**

While to constitute a valid parol gift causa mortis there must be a delivery and acceptance, actual physical delivery of a chose in action or incorporeal right, such as a bank deposit, is not required, and constructive delivery is sufficient.

**3. Gifts ⬩⟱49(5)—facts held to show gift of a certificate of deposit found after donor's death.**

Deceased's statements that he intended to give everything to his sister, made when removing a dresser to his sister's house just before his military unit was sent to France, *held* to show a gift of a certificate of deposit, found after his death in the dresser accompanied by a note stating that it was "all yours."

Error from Wood County Court; B. F. Cathey, Judge.

Action by A. J. Weems, administrator, against the First National Bank of Winnsboro and others. From a judgment against him, plaintiff brings error. Affirmed.

M. D. Carlock, of Winnsboro, for plaintiff in error.

W. D. Suiter, of Winnsboro, for defendants in error.

HAMILTON, J. Geo. W. Weems, an unmarried man, more than 20 years of age, died while in the army of the United States on the 27th day of March, 1919. He was survived by his father, A. J. Weems, and a sis-

---

ter, Mrs. Lizzie Harper, who are parties to this suit. A short time prior to his death he came from San Antonio, where the military unit to which he belonged was stationed, to Winnsboro, Tex., to pay a visit to his relatives. He expected to be ordered to France in a short time. He told different ones while he was at home that he would never go "across"; that, although they might start him, he would not land on the other side. He had lived the greater part of his time, it seems, with his sister, Mrs. Harper, before he entered the military service. For a little while before he was inducted into the army he had lived with some other person, and, while making his home there, had purchased a dresser. This he removed to Mrs. Harper's house before he returned to San Antonio. He told her, and others, that he desired to give her everything he had. When the dresser was placed in her home he gave her the key to it. One of the drawers was locked at that time. After his death this drawer was unlocked, and a package of papers was found deposited in it. Among them was a deposit slip for $300 in the First National Bank of Winnsboro. Lying upon the package of papers was a note containing these words: "This is all yours, I will never call for it."

Mrs. Harper withdrew the funds from the bank after the officials of the bank had been informed of the statements and acts of the deceased with reference to making a gift of all his effects to Mrs. Harper. The plaintiff in error was told that Geo. W. Weems had given his property to Mrs. Harper and plaintiff in error stated at the time that it was all right with him, and that "the rest of them needed it worse than he did." Some months after all the foregoing, plaintiff in error qualified as administrator of the estate of Geo. W. Weems, and demanded payment of the money to him by the bank. It seems that at the time this demand was made Weems was fully aware of the fact that his daughter, Mrs. Harper, had already withdrawn the funds. The bank having declined to comply with the demand, suit was instituted by the plaintiff in error and upon a hearing before the court judgment was rendered against him, from which judgment he has prosecuted this appeal.

[1] Plaintiff in error, under different assignments of error and related propositions of law, makes the contention under the facts of the case that no valid gift of the money in the bank to Mrs. Harper was effected. It is contended the terms of article 3968 of the Revised Civil Statutes are applicable and controlling, and that, since the provisions of that article of the statutes was not complied with by Geo. W. Weems, no valid gift to Mrs. Harper resulted from all he did and said.

The language of article 3968 of Revised Civil Statutes is, as follows:

"No gift of any goods or chattels shall be valid unless by deed or will, duly acknowledged or proven up and recorded, or unless actual possession' shall have come to, and remained with, the donee or some one claiming under him."

This article has been construed by our courts to apply only to corporeal property, and not to property of an incorporeal nature, such as that involved in this case.

[2] It is true, as contended by plaintiff in error, that in order to constitute a valid parol gift causa mortis, there must be a delivery by the donor of the thing given and an actual acceptance of it by the donee; the transaction being such as to divest possession and control of the property out of the donor and to place it absolutely under the dominion of the donee. But actual, physical delivery of a chose in action or of an incorporeal right cannot be required. In such cases what amounts to delivery must be determined from all the facts and circumstances of the case, and constructive delivery is held to satisfy the requirements of the law.

[3] We think it is unnecessary to discuss the legal effect of the transaction between Geo. W. Weems and Mrs. Harper. The facts, in our opinion, conclusively reflect a legal gift under the authorities. The following authorities sustain this view: Schauer v. Von Schauer, 138 S. W. 145; Cowen v. Bank, 94 Tex. 547, 63 S. W. 532, 64 S. W. 778; Hillebrant v. Brewer, 6 Tex. 51, 55 Am. Dec. 757.

The judgment of the court below is accordingly affirmed.