### HUGHES et al. v. SLOAN.
### No. 4347.

Court of Civil Appeals of Texas. Texarkana.
June 22, 1933.

Rehearing Denied June 29, 1933.

Smithdeal, Shook, Spence & Bowyer, of Dallas, and Norman & Norman, of Rusk, for appellants.

Guinn & Guinn, of Rusk, for appellee.

JOHNSON, Chief Justice.

Appellee, Walter E. Sloan, sued Laura Hughes as administratrix of the estate of

S. W. Lang, deceased, to determine the ownership of a certain iron-bound trunk and its contents, alleged to be of the value of $800. Ralph Lang, Charles Henry, and the Citizens' State Bank of Rusk, Tex., were made parties defendants. Common source of title to the property was S. W. Lang, deceased, who in his lifetime was a resident citizen of Rusk county. He was never married, owned his home, in which he and his half-sister, Mrs. Laura Hughes, resided for a number of years prior to and at the time of his death, March 27, 1932. At the time of his death the trunk was in the room in which he died. It was locked, and Mrs. Laura Hughes had the key. It was opened, and its contents, the property in question, was by Ralph Lang, Charles Henry, and Walter E. Sloan delivered to the Citizens' State Bank of Rusk to hold pending the determination of the issue of ownership. It appears that Walter E. Sloan is a first cousin, but not an heir to the estate of S. W. Lang, deceased, that Mrs. Laura Hughes is a half-sister, Ralph Lang is a half-brother, and that Charles Henry is a nephew, of S. W. Lang, deceased. Walter E. Sloan claims title to the property as a gift to him by S. W. Lang, deceased, during his lifetime. The case was tried to the court without a jury. Judgment was rendered for plaintiff, Walter E. Sloan, from which all the defendants, except the bank, have appealed. The principal point on appeal is to determine whether or not support for the judgment of the trial court is to be found in the facts, and the legal effect of the following instrument which was introduced in evidence by the plaintiff, Walter E. Sloan:

"The State of Texas, County of Cherokee.
"Know all men by these presents:
"That I, S. W. Lang, of the County of Cherokee and State of aforesaid, for and in consideration of the love and affection I have for my cousin Walter E. Sloan, have bargained, given and delivered, and by these presents do bargain, give and deliver, unto the said Walter E. Sloan of the County of Cherokee and State of Texas, the following described personal property in Cherokee County, Texas, to-wit: One certain iron-bound trunk about 18 by 30 inches, with oval shape top, and which is the largest trunk I now own and that is situated in my home, and also any and all contents and things of value situated therein, except land deeds, including all moneys, or other things of value, which may be in said trunk at my death, said trunk has brass bands or ornaments. And I do hereby bind myself, my heirs, executors, administrators and assigns, to forever warrant and defend the title to said property unto the said Walter E. Sloan, his heirs, executors, administrators and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part

thereof. Witness my hand at Rusk, Texas, this 8th day of January, A. D. 1932.
"S. W. Lang.
"Witnesses:
"B. B. Perkins
"W. P. Richey

"The State of Texas, County of Cherokee.
"Before me, Melvin Session, a Notary Public in and for Cherokee County, Texas, on this day personally appeared W. P. Richey, known to me to be the person whose name is subscribed as a witness to the foregoing instrument of writing, who being by me duly sworn, stated on oath that S. W. Lang, the person who executed such instrument of writing, acknowledged in his presence that he had executed the same for the purposes and consideration therein expressed, and that he signed the same for the purposes and consideration therein expressed, and that he signed the same as a witness at the request of the said S. W. Lang.
"Given under my hand and seal of office this 17th day of May, A. D. 1932.
"Melvin Sessions,
"Notary Public, Cherokee County, Texas."

■■ It is the contention of the appellants that the facts are insufficient to show that the above instrument was ever delivered by S. W. Lang and that the judgment of the trial court is without support of fact in this respect. The trial judge filed no findings of fact. The appellant offered no testimony controverting the facts and circumstances upon which the trial court is deemed to have found that the instrument was delivered. No plea of forgery is made. Only one of the subscribing witnesses, W. P. Richey, testified regarding the execution of the instrument by Mr. Lang. He is bookkeeper for the Citizens' State Bank. After identifying the parties and the instrument, he states, in substance, regarding the execution of the instrument, that Mr. S. W. Lang came up to the front of the bank and requested him to come back into the directors' room; that he had a paper he wanted him to witness; that Mr. Lang had already signed the instrument; that he did not see Mr. Lang sign it; that he asked him if he had signed it, and that Mr. Lang stated to him that he had; that B. B. Perkins was in the room with them at the time; and that he does not know whether Mr. Perkins signed it as a subscribing witness before he (Richey) did or not, but that Mr. Lang's name was on it before he signed it. Witness does not testify as to what disposition was made of the paper after he witnessed it, and he further testifies that Mr. Walter E. Sloan was not present at that time.

E. R. Gregg, cashier of the Citizens' State Bank, testified in substance concerning the execution and delivery by S. W. Lang to

Walter E. Sloan of a similar instrument, which appellee contends was lost, and of which the one in question was executed in substitution: "That S. W. Lang about eighteen months ago, which would fix the date about January, 1931, spoke to the witness about drawing up for him a deed of gift or bill of sale to Mr. Sloan, and pursuant to the request of Mr. Lang, witness drew up an instrument covering a trunk and its contents; that Walter E. Sloan was the person receiving the benefits of the instrument; that Mr. Lang signed it, and delivered it to Mr. Sloan."

There is no question or contention concerning the fact of the execution of the deed of gift by Mr. Lang. The contention is as to its delivery. We are of the opinion that from the above facts and circumstances, together with the terms of the instrument clearly evidencing the intention of the donor to thereby immediately divest himself of the title to the property and vest it in the donee, and together with the further fact that the instrument was found in the possession of and offered in evidence by the donee, Walter E. Sloan, upon the trial, and there being no testimony or circumstances from which it can be inferred that such possession was other than continuous with Walter E. Sloan from the date of the execution of the instrument, we cannot say that the judgment of the trial court is without support wherein it is deemed to have included a finding by the trial judge that the deed of gift was delivered by S. W. Lang during his lifetime. The question of delivery of a deed is that of the grantor's intention in all cases to be determined from all the surrounding facts and circumstances. Taylor v. Sanford, 108 Tex. 340, 193 S. W. 661, 5 A. L. R. 1660.

■ It is the further contention of appellants that the above deed of gift is not "duly acknowledged or proven up and recorded"; therefore appellee's claim of title under it is precluded by article 3998, R. S. 1925, which provides: "No gift of any goods or chattels shall be valid unless by deed or will, duly acknowledged or proven up and recorded, or unless actual possession shall have come to, and remained with, the donee or some one claiming under him."

It is the purpose of the above statute to prevent fraud and imposition upon the owner and to protect the rights of creditors and third parties, and it is not intended to restrict or defeat the owner in the free and lawful disposition of his property in accordance with his own desires, except in so far as such limitation may be necessary to effect the purposes of the statute. In the present case no rights of creditors or third parties are involved. That it was the purpose, desire, and intention of the donor, Lang, to effectively and without restriction transfer the property to Walter E. Sloan is evi-

dent from the terms of the above deed as well as from the surrounding facts and circumstances, and it does not appear that he was in any way influenced or imposed upon to do so. The acknowledgment of the subscribing witness, W. P. Richey, sufficiently proved up the instrument to entitle it to registration. Article 6609, R. S. 1925. But the instrument was not in fact recorded, and appellants contend that to pass title it must be recorded. We do not think that, in the circumstances of this case, the lack of registration alone should prevent the conveyance by the deed from being effective. The statute does not require the deed to be recorded by the donor. It is silent as to when or by whom it shall be recorded. In the circumstances in this case, it appears, then, that the donor had done all the things required by the law to be performed exclusively by him. There is nothing to have prevented the court from having ordered it recorded at the time of trial, but what virtue could have been added to the deed by then having it registered in the county clerk's office, it was then being established in a court of record. The purpose of registration is notice. No question of notice is here involved, and no just reason is presented for a court of equity to allow the intention of the donor to be defeated for want of registration of the deed. We do not know of any precedent under the statute for this holding, but the reasoning for it is not without authority in the cases relating to the acknowledgments, witnessing, and registration of deeds of conveyance of real estate. Article 1294, R. S. 1925, provides: "Every deed or conveyance of real estate must be signed and acknowledged by the grantor in the presence of at least two credible subscribing witnesses thereto; or must be duly acknowledged before some officer authorized to take acknowledgments, and properly certified to by him for registration."

Witnessing or acknowledging has for its purpose registration and the prevention of fraud and imposition. Registration is for the purpose of notice. And, where the question of notice is not involved, although the provisions of the above statute seem to be mandatory, it is held that a deed neither witnessed nor acknowledged, as required by the statute, the execution of which being otherwise proved, is effective as a conveyance. McLane v. Canales (Tex. Civ. App.) 25 S. W. 29; Mondragon v. Mondragon (Tex. Civ. App.) 239 S. W. 650; Id., 113 Tex. 404, 257 S. W. 215.

■ And we are not of the opinion that the terms of the instrument evidencing the present intention of the donor to thereby relinquish his title and dominion over the property and vest the same in the donee are destroyed by the subsequent clause therein reading: "Including all moneys, or oth-

er things of value, which may be in said trunk at my death"; for the reason that the effect of the terms of the instrument preceding the clause last above quoted makes a complete conveyance and symbolic delivery of the trunk and its then contents, and the effect of the subsequent clause, that is, the clause last above quoted, is to express the further intention to also convey such other and additional things as may be subsequently placed and remaining in the trunk at donor's death. What may have been the effect of this clause upon the title to any property placed in the trunk, had it been shown that property was in fact placed in the trunk after the execution of the deed, is not necessary here to determine; for it is not shown that any of the property in controversy in this case was placed in the trunk after the execution of the deed.

We are of the opinion that the judgment of the trial court should be affirmed, and it is so ordered.