SANSING et al. v. WELLS.

No. 12314.

Court of Civil Appeals of Texas. Galveston.

July 12, 1951.

Rehearing Denied Oct. 4, 1951.

Madison Rayburn, of Houston, for appellants.

C. B. Stanley, of Houston, for appellee.

GRAVES, Justice.

The appellant, Mrs. Leslie Sansing, joined pro forma by her husband, sued the appellee, as the surviving husband of, and owner by statute of any personal property left by, his deceased wife, Mrs. Ethel E. Wells, alleging ownership and right to possession of a large diamond ring, by reason of a parol gift thereof alleged to have been made to her by Mrs. Wells, who was her cousin, during the latter's lifetime;

She prayed that the ring be delivered to her, pursuant to a judgment of the court.

The ring was exhibited during a trial of the cause, which was had before the court, sitting with a jury.

The appellee, as such representative of his deceased wife, defended the suit on the main ground that, if such ring had been given to the appellant, there had never been any delivery of it to her.

The appellant, in turn, further set out that the ring had been given to her while the deceased Mrs. Wells was on a visit from her home at Houston to the city of San Antonio, some 200 miles distant, and that symbolic and constructive delivery of it to her had been made, by the contemporaneous delivery of the keys to the deceased Mrs. Wells' safety-deposit box in her Houston bank, where the ring had been kept; further, that such delivery was the best delivery, of which the ring was susceptible, under the surrounding circumstances.

Upon the close of the appellant's testimony, the court withdrew the case from the jury, granted the appellee's motion for an instructed verdict, and directed the jury to find for the defendant; the jury thereupon, in open court, duly returned such a verdict, whereupon the court rendered judgment in the appellee's favor, directing that appellant take nothing by her suit.

In this Court the appellants' two points-of-error are substantially these:

(1) The trial court erred in instructing a verdict and rendering judgment against plaintiff-appellant, when the pleadings and evidence raised a fact-issue, which should have been submitted to the jury, as to whether or not the deceased donor had given a large diamond ring to donee plaintiff-appellant.

(2) The trial court erred in rendering an instructed verdict and judgment against plaintiff-appellant, when the pleadings and evidence raised an issue-of-fact, which should have been submitted to the jury, as to what the intention of the deceased donor was in giving such diamond ring to plaintiff-appellant, and whether she intended thereby to vest title and possession in donee, by then and there delivering the keys to donor's safety deposit box to donee.

She supports these presentments with a citation of these authorities:

1. Anglin v. Cisco Mortg. Loan Co., 135 Tex. 188, 141 S.W.2d 935; Le Master v. Ft. Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224; 21 Tex.Juris., Gifts, Sec. 40, p. 57; Bunnell v. Bunnell, Tex.Civ.App., 217 S.W.2d 78, 81; Lord v. N. Y. Life Ins. Co., 95 Tex. 216, 66 S.W. 290, 56 A. L.R. 596; Chevallier v. Wilson, 1 Tex. 161; Hill v. Escort, 38 Tex.Civ.App. 487, 86 S.W. 367; Brown v. Fore, Tex.Com. App., 12 S.W.2d 114 and 117, 63 A.L.R. 435; American Juris., Vol. 24, Gifts, Sec. 134, p. 799; Braun v. Brown, 14 Cal.2d 346, 94 P.2d 348, 127 A.L.R. 773.

2. Hunt v. Garrett, Tex.Civ.App., 275 S.W. 96, 104 and Tex.Com.App., 283 S. W. 489; Webb v. Webb, Tex.Civ.App., 184 S.W.2d 156 (writ refused); McGrede v. Rembert Nat. Bank, Tex.Civ.App., 147 S.W.2d 580 (writ dismissed, judgment correct); Ellsworth v. Ellsworth, Tex.Civ. App., 151 S.W.2d 628 (writ refused); Article 3998 of Vernon's Annotated Civil Statutes of Texas; Hill v. Escort, 38 Tex. Civ.App. 487, 86 S.W. 367; Weems v. First

Nat. Bank, of Winnsboro, Tex.Civ.App., 234 S.W. 931; Schauer v. Von Schauer, Tex. Civ.App., 138 S.W. 145; Brown v. Fore, Tex.Com.App., 12 S.W.2d 114, 63 A.L.R. 435; Webb v. Webb, Tex.Civ.App., 184 S. W.2d 153 (writ refused); Bunnell v. Bunnell, Tex.Civ.App., 217 S.W.2d 78; Coke & Reardon v. Ikard, 39 Tex.Civ.App. 409, 87 S.W. 869 (writ refused); Hunt v. Garrett, Tex.Civ.App., 275 S.W. 96 (reversed on other grounds), and Tex.Com.App., 283 S.W. 489; Hughes v. Sloan, Tex.Civ.App., 62 S.W.2d 194 (writ refused); Cowen v. First Nat. Bank, 94 Tex. 547, 63 S.W. 532, 533; Vol. 24, American Juris., Title, "Gifts", Sections 27 and 28.

The appellee, upon the other hand, defends the court's judgment, so rendered in his favor, and, after declaring "that appellant alleged, and the evidence showed, that deceased, the alleged donor, delivered to appellant only one of two keys to the safe-deposit box rented by deceased, instead of both keys," presented these two counter-points:

(1) "There was no evidence, or pleading, that appellant ever had actual possession of the diamond ring in question."

(2) "There was no evidence that the alleged donor ever transferred either dominion, or control, of the diamond ring to appellant, the alleged donee."

He supports his answering-position with a citation of these authorities:

1. Article 3998, Revised Civil Statutes of 1925, a part of the title of Frauds and Fraudulent Conveyances; 21 Tex.Juris., Sec. 24, pg. 46; Cowen v. First Nat. Bank, of Brownsville, 94 Tex. 547, 63 S.W. 532, 533; Weems v. First Nat. Bank, of Winnsboro, Tex.Civ.App., 234 S.W. 931; Giles v. Giles, Tex.Civ.App., 94 S.W.2d 208, 210; Love v. Hudson, 24 Tex.Civ.App. 377, 59 S. W. 1127; Coke & Reardon v. Ikard, 39 Tex. Civ.App. 409, 87 S.W. 869; Eldridge v. McDow, 46 Tex.Civ.App. 270, 102 S.W. 435, Id., Tex.Civ.App., 132 S.W. 516; Chevallier, Adm'r v. Wilson, 1 Tex. 161; 2 Kent Com., pg. 438; Garrett v. Hunt, Tex.Com.App., 283 S.W. 489; McGrede v. Rembert Nat. Bank, Tex.Civ.App., 147 S.W.2d 580; Hughes v. Sloan, Tex.Civ.App., 62 S.W.2d 194; Humble Oil & Refining Co. v. Manziel, Tex.

Civ.App., 165 S.W.2d 909, 910; Ogg v. State, 48 Tex.Cr.R. 231, 87 S.W. 348; Webb v. Reynolds, Tex.Com.App., 207 S. W. 914, 917; Lord v. N. Y. Life Ins. Co., 95 Tex. 216, 66 S.W. 290, 293, supra.

2. Chevallier, Adm'r, v. Wilson, 1 Tex. 161; 21 Tex.Juris., Sec. 10, pg. 30; Baldwin v. Fleck, Tex.Civ.App., 168 S.W.2d 904 (affirmed by the Supreme Court in 141 Tex. 340, 172 S.W.2d 976; O'Donnell v. Halladay, Tex.Civ.App., 152 S.W.2d 847.

From the presentments thus catalogued from the briefs, and from the able oral arguments before the Court from both sides, this Court concludes that the controlling question-of-law upon this appeal is a single one, to this effect: Under the pleadings and evidence so heard by the trial court, was an issue-of-fact raised for the jury over whether or not it had been the intention of Mrs. Wells, not only to give the diamond ring to the appellant, but also to furnish her the means of obtaining possession of it, by giving her a key to the safety-deposit box in the bank, where she kept it?

The differences between this deduction and the viewpoint of the appellee, as just quoted from his two counter-points, is obvious; he, upon the one hand, seems to this Court to be possessed with the idea that, under Article 3998, Revised Civil Statutes of Texas, and the decisions of our courts construing it, not only was the delivery of the ring as corporeal property a necessary element to the claimed gift thereof in this instance, but that there was neither pleading nor evidence of the existence of any such indispensable requirement.

That position, apparently, is twice expressed in the appellee's brief, by way of concessions, the first one being, in hæc verba, this: (1) "Appellee, while denying that such intention did in fact exist, concedes that the pleadings and evidence did raise a fact-issue as to deceased's intention to give the diamond ring to appellant. Thus the sole issue of this appeal is whether there was any evidence, or sufficient evidence, to raise a fact-issue that there was a delivery of the ring sufficient to constitute a gift."

The second one, likewise verbatim, being as follows: (2) "It would appear that the evidence developed only a fact-issue as to whether deceased intended to make a present gift, a promise of a gift at some time in the future, or no gift at all, and that the evidence was insufficient to raise a fact-issue on the necessary element of delivery, under any theory of the type of delivery required."

It seems clear to this Court, under the record in this cause, and the decisions of our Supreme Court upon comparable states-of-fact relating to gifts of corporeal property, that the appellee might as well have, in terms, conceded that the pleadings and evidence also raised the further issue as to whether the deceased lady intended to further vest the right of possession of the ring in the appellant, by delivering to her the key to the safety-deposit box. It would be a work of supererogation to undertake a review of all the herein-cited decisions of the courts, based upon well-nigh kaleidoscopic differences in states-of-fact, and that will not be attempted; but, in this instance, the appellant plainly alleged the giving of the ring to herself, and further, that the deceased intended thereby not only to vest the title to it in her, but to also insure its delivery to her, by furnishing her the only means by which that could be accomplished—the key to the safety-deposit box—and the appellee joined issue with her upon both allegations, by express denials that any such gift was made, or delivery thereof intended.

As this Court reads the authorities cited, relied upon by the appellant, as collated supra, they fully sustain the appellant's position.

Her two-quoted points will, therefore, be sustained. In doing so, it is not deemed essential that the testimony, so held to have raised both tendered issues for the jury, be reviewed at length; suffice it to say, that more than one witness for the appellant testified directly that the deceased Mrs. Wells had declared unequivocally that she had given appellant, Mrs. Sansing, (whom she had referred to as "little Leslie"), the ring while she was in San Antonio for her Christmas visit—not that she had merely expressed an intention to do so at some later time—and, further, that "She said she had given Mrs. Sansing the key to her safety-lock box * * *. She said that no one but she and 'little Leslie' knew of this lock box."

These conclusions require a reversal of the trial court's judgment, and a remanding of the cause for a further trial before the jury.

Reversed and remanded.