## North Texas Construction Company v. John T. Crawford.

### Decided April 12, 1905.

#### 1.—Evidence—Negligence—Dangerous Methods.

Where the pleadings presented the issue that the personal injury for which plaintiff sought to recover was due to the defendant's adoption of a method of loading cotton on customers' wagons at defendant's gin, known to be dangerous, evidence of another customer that the same method was pursued, by the same foreman of defendant, on another occasion, in loading witness's cotton, and the threatened danger, was relevant.

#### 2.—Stating What Witness Would Testify.

There was no error in permitting counsel, on the exclusion of a question to his witness, to state in the presence of the jury what the witness would answer if permitted, for the purpose of incorporating it in his bill of exceptions.

**3.—Permanent Injury—Expectancy of Life.**

Where there was evidence that the injury to plaintiff's person was permanent, it was competent for him to prove, also, his expectancy of life.

**4.—Impeachment of Witness—False Swearing.**

A witness can not be impeached by cross-examining him as to whether he did not, on another occasion, in a matter immaterial to the issue on trial, make a false affidavit.

**5.—Charge—Assuming Fact.**

A charge was not erroneous for assuming the fact that plaintiff, who went to defendant's public gin to assist another in getting his bale of cotton, was on the premises by implied invitation of the proprietor.

Appeal from the District Court of Collin County. Tried below before Hon. J. M. Pearson.

The bill of exceptions to the exclusion of the testimony complained of in the fifth assignment showed that defendant, in cross-examining Gladden, a material witness for plaintiff, offered witness an affidavit, sworn to by him, that a certain young woman was eighteen years of age, and that there was no legal objection to her marriage with another person named therein, and proposed to prove by the witness that the affidavit was knowingly and willfully falsely made, and that the testimony was excluded on objection that it was irrelevant and incompetent.

*Abernathy & Abernathy* and *A. M. Carter,* for appellant.—The testimony of witness Dobson was irrelevant, immaterial and incompetent, relating to an independent transaction between witness and defendant, and was calculated to prejudice the minds of the jury against appellant. Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Texas, 371; Texas & P. Ry. Co. v. Payne, 35 S. W. Rep., 297; Mutual, etc., Ins. Co. v. Baker, 10 Texas Civ. App., 523; Cunningham v. Austin, etc., Ry. Co., 88 Texas, 538; Southern Pac. Ry. Co. v. Markey, 19 S. W. Rep., 393; Houston, etc., Ry. Co. v. Jones, 16 Texas Civ. App., 180; Missouri, etc., Ry. v. Johnson, 92 Texas, 383; Western U. Tel. Co. v. Tobin, 56 S. W. Rep., 541; International, etc., Ry. Co. v. Branch, 56 S. W. Rep., 542.

It was error for counsel for plaintiff to repeatedly state, in the presence and hearing of the jury, that they offered to prove by the witnesses Steinebaugh and Fambrough that he was acquainted with the general reputation of Freeman; that he was reckless in loading cotton at appellant's gin at the time when Crawford was injured. It was not material what was the expectancy of plaintiff's life.

The court erred in refusing to permit the defendant to prove by Gladden that he made an affidavit which he (Gladden) knew at the time was willfully and deliberately false. Said Gladden having testified to material facts for the plaintiff, it was competent to impeach the witness by his mouth.

The evidence in this case shows that plaintiff was a mere volunteer on the premises of the defendant, had no business there, and there was no invitation, either expressed or implied, to him to be upon said premises; defendant owed him no duty except not to willfully and knowingly injure him. The court's charge assumed that he was lawfully on de-

fendant's premises by invitation, either implied or expressed, and that the defendant owed him the duty to exercise ordinary care, and failure so to do rendered it liable to him for damages. Galveston Oil Co. v. Morton, 70 Texas, 403; San Antonio, etc., Ry. Co. v. Morgan, 92 Texas, 102; Missouri, etc., Ry. Co. v. Dobbins, 40 S. W. Rep., 861; Holmes v. Drew, 24 Mass., 141.

*Abernathy & Mangum,* for appellee.—The court did not err in admitting the testimony of Sol Dobson as to how his bale of cotton bounced out of the wagon a few weeks before appellee was hurt by the loading of a bale of cotton, because the evidence showed that the same system of loading cotton was used in both cases, and appellee having plead that such system was dangerous, and known to appellant to be so, any evidence showing or tending to show that the system was dangerous, or that the servants of defendant knew of the danger to plaintiff by turning the bale loose at the time they did, was admissible under the pleading.

There was no error in counsel stating to the court that he could make the same proof by two other witnesses as that which was offered by Fambrough, as this was done to get his bill of exception, and the court stated at the same time, in the presence and hearing of the jury, that the statement of counsel did not go to the jury.

The court did not err in permitting the witness M. T. Jones to testify as to what the expectancy of life of the plaintiff Crawford would be, for the reason that Dr. Burt testified that it was reasonably probable that the plaintiff would suffer pain in the future from the fracture, and that the injured leg would never be as strong as the other, and plaintiff testified that his hurt leg was shorter than the other, and that in damp weather it hurts him. Gulf, C. & S. F. Ry. v. Cooper, 8 Texas Ct. Rep., 288; Gulf, C. & S. F. Ry. v. Mangham, 4 Texas Ct. Rep., 682.

The court did not err in refusing to permit the defendant to prove by the witness Gladden that an affidavit which he made, he knew, at the time, was willfully and deliberately false, (1) because a witness can not be impeached by showing that he swore falsely to an immaterial matter; (2) because a witness can be impeached by evidence of his general reputation only, and not a particular fact. Sutor v. Wood, 76 Texas, 408; Johnson v. Brown, 51 Texas, 76.

The charge of the court is not erroneous in assuming that the plaintiff was on the premises of defendant company by invitation of defendant, express or implied, (1) because the uncontradicted evidence showed this; (2) because they saw him there, and saw his danger from their acts, and owed him the duty to exercise ordinary care, at least, not to injure him. Texas & Pac. Ry. Co. v. Staggs, 90 Texas, 461.

EIDSON, Associate Justice.—This suit was brought in the court below by the appellee against the appellant, to recover damages for negligently injuring him (appellee), whereby his leg was broken. The case was tried before a jury, and resulted in a verdict and judgment for appellee in the sum of $1,000.

Appellant's first and second assignments of error are as follows:

"1.—The court erred in permitting plaintiff's witness, Sol Dobson, to testify: 'I think it was Freeman. I am satisfied he was the boss man. He told me to drive around on the west side and back my wagon up, and I backed my wagon back. I didn't back it square back, but angling, and, just as I backed up, he throwed down the skids into my wagon, and I saw he was going to pitch the bale of cotton into the wagon, and I said, "Hold up," and he said, "Stay there," and used a rough word, and I jumped out and it went corner-ways into my wagon, and it would have gone in between my horses, and I throwed up my hands, and it went out and sorter glanced against the right forewheel of my wagon.' "

"2.—It having been shown that Sol Dobson's wagon was in a different position, and a different kind of wagon from that of Gladden's, and a different bed, the court erred in refusing to exclude this evidence."

There was no error in the admission of the testimony complained of in these assignments of error. Appellee having alleged in his petition that appellant's system of loading cotton was dangerous, and that such system was known to appellant and its servants to be dangerous, testimony showing that, prior to the occasion when appellee was injured, appellant used the same system or method of loading cotton as was used when the appellee received his injuries, and that the use of such system on such prior occasion was attended with danger to a person whose cotton was being loaded, or would have resulted in danger to such person had he remained in the situation he was required or expected to remain in during the progress of the loading of a bale of cotton by such method or system, tended to prove these issues. And the testimony of this witness, to the effect that Freeman, on the occasion testified about, was in charge of the employes of appellant, and conducting the loading, and the testimony showing that the said Freeman was also in charge of such employes while loading the bale of cotton on the occasion when appellee received his injuries, tended to show that Freeman knew the system he was using to be dangerous. This testimony was also admissible, in view of the testimony of appellant's general manager to the effect that the system used at the time of the injury to plaintiff was the same used prior thereto, and appellant had never had an accident before this one. The fact that the wagon of the witness Dobson was in a different position, and a different kind of wagon to that appellee was in at the time he received his injuries, would not affect the admissibility of the testimony, but might its weight, which was a matter for the jury.

There was no error in the action of the court complained of in appellant's third assignment of error. There was nothing improper in counsel for appellee stating to the court what he could prove in answer to the questions propounded to certain witnesses, which questions the witnesses were not permitted by the court to answer, as this was necessary in order to secure a proper bill of exceptions to the action of the court, and the jury were properly informed by the court that the statements of counsel could not be considered as evidence.

Appellant's fourth assignment of error is overruled. What the expectancy of the life of appellee would be was material, and it was admissible, in view of the evidence of the witness Dr. Burt, who testified that it was reasonably probable that appellee would suffer pain in the future

from the fracture, and that the injured leg would never be as strong as the other; and also in view of the testimony of appellee to the effect that the injured leg was shorter than the other, and that it pained him in damp weather.

There was no error in the action of the court complained of in appellant's fifth assignment of error. It is not competent to impeach a witness by proof that he has testified falsely to an immaterial or collateral matter.

Appellant's sixth and seventh assignments of error are overruled. The uncontroverted evidence showing that appellee was on the premises of appellant by its invitation, the court did not err in assuming, in its charge, such fact. Appellant's business was to gin and bale cotton for the public, and, when ginned and baled, to load the bales on the wagons of its customers. The uncontroverted testimony shows that Gladden had a bale of cotton at the appellant's gin which it had ginned for hire, and that, at the request of Gladden, appellee went to the gin with him to receive it. Appellee was told where to drive Gladden's wagon to receive the bale of cotton. All of the employes saw him there, and loaded the cotton in the wagon as he backed it up.

Appellant's other assignments of error complain of various paragraphs of the court's charge, and the refusal of the court to give certain special charges requested by it. We have carefully considered all of these assignments, and are of opinion none of them is well taken.

The charge of the court is an able, clear and full enunciation of the principles of law applicable to the issues raised by the pleadings and evidence, and properly guarded and protected every right of the appellant. We find that the testimony in the record is sufficient to support the allegations of negligence against appellant contained in appellee's petition, and that the testimony is insufficient to show contributory negligence upon the part of appellee, as alleged in appellant's answer, and that the amount of the verdict of the jury and judgment of the court below is supported by the evidence.

There being no reversible error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.