EARHART et al. v. AGNEW et al.
(No. 1040.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 20, 1916. Rehearing Denied Jan. 17, 1917.)

1. FRAUDULENT CONVEYANCES ⚭57(5)—GIFT BY HUSBAND—VALIDITY.

A husband can lawfully give any of his property or his interest in the community property to his wife, provided he is solvent.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 155–157; Dec. Dig. ⚭57(5).]

2. HUSBAND AND WIFE ⚭235(4)—SPECIAL FINDINGS—CONFLICT.

A special finding by the jury that a wife signed a deed upon condition that she was to have the value of the land does not conflict with a finding that the note therefor was not given to her.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 852, 982; Dec. Dig. ⚭ 235(4).]

3. HUSBAND AND WIFE ⚭15(4)—CONVEYANCE BY WIFE—CONSIDERATION.

There is no consideration for a wife's signature to a deed to property which was not the homestead and which the husband could convey without her signature.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 95, 283; Dec. Dig. ⚭15 (4).]

4. APPEAL AND ERROR ⚭1002—REVIEW—FINDINGS—EVIDENCE.

Special findings by the jury on questions of fact are binding on the appellate court, though there is evidence to the contrary.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ⚭ 1002.]

5. GIFTS ⚭31(1) — DELIVERY OF NOTE — "GOODS AND CHATTELS."

Choses in action are not goods and chattels within Vernon's Sayles' Ann. Civ. St. 1914, art. 3968, providing that no gift of any goods and chattels shall be valid unless by deed or will, or unless actual possession shall have come to and remained with the donee so that delivery and possession of a note is not essential to the validity of a gift of the note.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 58, 59; Dec. Dig. ⚭31(1).

For other definitions, see Words and Phrases, First and Second Series, Goods.]

6. TRIAL ⚭121(2), 125(1)—MISCONDUCT OF COUNSEL—INFERENCES FROM EVIDENCE.

In an action in which plaintiff garnished the holder of notes payable to defendant, where defendant's wife intervened claiming the notes as a gift from him, the argument by plaintiff's counsel that defendant transferred the note to his wife for the purpose of beating his honest debt to plaintiff, was permissible as a conclusion from the evidence and not inflammatory or intended to prejudice the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 296, 303; Dec. Dig. ⚭121(2), 125(1).]

7. EVIDENCE ⚭233—WITNESSES ⚭379(2)— IMPEACHMENT — INCONSISTENT STATEMENTS —CLAIM OF OWNERSHIP.

Where the debtor had testified that he had given notes payable to him to his wife, declarations by him subsequent to the gift claiming to own the notes, are admissible in proceedings by a creditor claiming fraud and conspiracy to contradict and impeach defendant's testimony, though not to show his ownership of the notes.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 866–868; Dec. Dig. ⚭233; Witnesses, Cent. Dig. §§ 1220, 1248; Dec. Dig. ⚭ 379(2).]

8. APPEAL AND ERROR ⚭216(1), 231(7)— PRESENTING QUESTIONS BELOW—EVIDENCE —OBJECTIONS—LIMITING EFFECT.

An assignment of error to the admission of testimony which was admissible only to impeach a witness cannot be sustained where only the general objection was made and no special charge limiting the effect of the testimony was requested.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ⚭216(1), 231(7); Trial, Cent. Dig. §§ 195, 627.]

9. GARNISHMENT ⚭161—EVIDENCE—ANSWER OF GARNISHEE.

Where the action against the debtor and the garnishment proceedings are heard at the same time, the answer of the garnishee is admissible in evidence as between plaintiff and garnishee.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 299 ; Dec. Dig. ⚭161.]

10. TRIAL ⚭255(4)—REQUEST FOR SPECIAL CHARGE—LIMITING EVIDENCE.

Where evidence admissible only against the garnishee was admitted at the consolidated trial of the garnishment proceedings and the main action, it was the duty of defendants to have requested a special charge limiting the effect of the evidence if they did not wish it considered against them.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 632; Dec. Dig. ⚭255(4).]

11. APPEAL AND ERROR ⚭1052(5)—HARMLESS ERROR—ADMISSION OF EVIDENCE— CURE BY FINDINGS.

Error in admitting testimony by a garnishee that he had notes belonging to defendant was harmless where the note was payable to defendant and the jury found he did not give it to his wife.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4175; Dec. Dig. ⚭1052(5).]

12. HOMESTEAD ⚭216 — SPECIAL VERDICT— SUFFICIENCY.

Special findings by the jury in an action in which defendant's wife claimed a note as the proceeds of the homestead, *held* sufficiently clear and to determine the issue of homestead adversely to the wife.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 400–403; Dec. Dig. ⚭216.]

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action by J. W. Agnew against S. M. Earhart, with the Lubbock National Bank as garnishee, in which Mrs. S. M. Earhart intervened and claimed the fund impounded by garnishment proceedings. Judgment for plaintiff, and defendant and intervener appeal. Affirmed.

R. A. Sowder, of Lubbock, for appellants. W. F. Schenck and Roscoe Wilson, both of Lubbock, and Chas. C. Triplett, of Brownfield, for appellees.

HALL, J. The appellee Agnew sued T. O. Earhart, in the district court of Lubbock county, to recover the amount of a certain note made by Earhart, payable to Agnew, and at the time of filing the suit procured

the issuance and service of a writ of garnishment against the Lubbock State Bank. The bank answered that it had in its hands $1,-205.20. Mrs. S. M. Earhart, wife of T. O. Earhart, intervened in the garnishment proceedings, claiming the fund impounded. Special issues were submitted to the jury and judgment was rendered that T. O. Earhart was the owner of the fund; that he was indebted to J. W. Agnew in an amount exceeding the sum held by the bank, and the bank was ordered to pay the fund in its hands to plaintiff. The following are the issues submitted to the jury, with the answers returned thereto:

No. 1: "Did T. O. Earhart and his wife, S. M. Earhart, at the time they moved off the south 200 acres of survey No. 22, block D. 2, in Lubbock county, Texas, and acquired and moved onto a place in the town of Lubbock, in the year 1909, intend to return and occupy the said section 22, block D 2, as a homestead?" Answer: "No."

No. 2: "Did S. M. Earhart and T. O. Earhart, or either of them, ever move back and occupy the south 200 acres of section No. 22, block D 2, as their homestead, after they moved away from the same to the town of Lubbock, in the year 1909, until they sold the same to A. Symes, on June 16, 1911?" Answer: "No."

No. 3: "Was section 22 abandoned by T. O. Earhart as a home, with the intention never to return and live thereon at the time they moved from the same in the year 1909?" Answer: "Yes."

No. 4: "Did T. O. Earhart and S. M. Earhart abandon 200 acres out of the south part of section 22 as a home at any time prior to their sale to A. Symes on June 16, 1911?" Answer: "Yes."

No. 5: "Was the transfer of the note, the proceeds of which are garnished in this suit, a gift from T. O. Earhart to S. M. Earhart?" Answer: "No."

No. 6: "Was the debt sued on by the plaintiff against said T. O. Earhart a community debt—that is, a debt contracted during the existence of the marriage relations between them?" Answer: "Yes."

No. 7: "Did S. M. Earhart, at the time she signed the deed to A. Symes on June 16, 1911, do so upon the condition that she was to have the value of the 200 acres out of the south half of section 22, block D 2?" Answer: "Yes."

No. 8: "Did the intervener, S. M. Earhart, or some one for her, have the open, notorious, exclusive, and adverse possession of the note due January 1, 1915, for a period of two years prior to January 1, 1915?" Answer: "No."

No. 9: "Was T. O. Earhart insolvent at the time it is alleged he indorsed the notes introduced before you, if he did so, to his wife S. M. Earhart?" Answer: "No."

[1] Appellants contend, first, that the court should have rendered judgment in favor of Mrs. S. M. Earhart on the special answers and verdict of the jury. It is true, as contended, that the husband may lawfully transfer or give any of his property, or his interest in the community property, to his wife, provided he is solvent at the time. "The right of one to give his property, whether separate or community, to another, even though it be his marital consort, is absolute where the principle is not violated that one must be just before he is generous." Speer's Law of Marital Rights, § 116; Bruce v. Koch,

40 S. W. 626; Cheek v. Herndon, 82 Tex. 146, 17 S. W. 763; Kane v. Ammerman, 148 S. W. 815.

[2] The finding of the jury, however, is that the note in question, the proceeds of which are held by the garnishment, was, as a matter of fact, never given to Mrs. Earhart by her husband. In response to interrogatory No. 7, the jury found that at the time she signed the deed with her husband, conveying the 200 acres to A. Symes, it was upon condition that she was to have the value of the land. There is no conflict between this finding and the conclusion of the jury that this note was never given to her.

[3] It having been found that the 200 acres was not a homestead at the date of the Symes deed, there was no consideration for her signature as a sufficient conveyance might have been made by T. O. Earhart alone.

[4] There is considerable evidence tending to show a gift of the note to Mrs. Earhart by her husband, but it is clear from the findings of the jury that they "did not bless it with credence." The note itself was payable to T. O. Earhart and prima facie was his property. It was apparently the opinion of the jury that the indorsement was not made at the time of its execution, as asserted by some of the witnesses. We are bound by these findings.

[5] We were mistaken in our original opinion in basing our conclusions upon articles 3967 and 3968 of Sayles' Civil Statutes, since it has been held that choses in action are not "goods and chattels" within the meaning of such statutes (Schauer v. Von Schauer, 138 S. W. 145; Cowen v. First National Bank, 94 Tex. 547, 63 S. W. 532, 64 S. W. 778); and that delivery and possession by the donee of this character of property is not essential to the validity of the gift.

[6] Under the second assignment it is urged that because appellees' counsel stated in argument to the jury that "T. O. Earhart transferred the note to his wife for the purpose of beating his honest debt to Agnew, the plaintiff," the verdict and judgment should be set aside. We see nothing inflammatory in the remark, nor do we think it tended to prejudice the jury; it is simply a statement by counsel of his conclusions, drawn from the evidence. As we understand the rules of practice, it is permissible for counsel in argument to draw from the evidence every legitimate inference deducible therefrom, if in doing so the language used does not transcend proper bounds. Pitts v. Wood, 125 S. W. 954. The findings of the jury upon the issue of homestead preclude appellants from recovering the fund in controversy upon the ground set up by them that the money impounded by the writ of garnishment was the proceeds of a note given in part payment for their home, and therefore exempt.

[7] Plaintiff was permitted over the objec-

tions of the intervener to testify that T. O. Earhart had told him that he (Earhart) had about $4,000 worth of notes in the bank. The court permitted the introduction of a release by Earhart to the vendor's lien retained in the note in question, in which it is recited that Earhart is "the present legal and equitable owner and holder of said vendor's lien notes above mentioned. The objections made were that the evidence offered is the statement of a legal conclusion and that declarations of ownership, after the declarant has parted with the title to the property, are not admissible against the real owner. It appears that T. O. Earhart had testified by deposition that he transferred, together with other notes, the one in question to his wife, as her pro rata share of the estate; that the notes were delivered to her as her own property and it was understood that she should hold them for the purpose of schooling the children and using the money as she saw fit. The declarations of T. O. Earhart as to his ownership of the note and the recital in the release of the vendor's lien were admissible under this record for the purpose of contradicting and impeaching Earhart, but should not have been admitted to disprove the claim of ownership made by Mrs. Earhart. Fraud and conspiracy had been alleged, and under such allegations considerable latitude is allowed in the admission of testimony.

[8] Appellant should have requested a special charge, limiting the effect of the testimony to its legitimate purpose, but, having made a general objection and having failed to request the charge, the assignment must be overruled. P. & N. T. Ry. Co. v. McMeans, 188 S. W. 692; Construction Co. v. Crawford, 39 Tex. Civ. App. 56, 87 S. W. 223.

[9, 10] It is further contended that the court erred in permitting the garnishee's answer to be introduced in evidence. As between the plaintiff and the garnishee the answer was admissible. Moore v. Blum, 40 S. W. 511; Blum v. Moore, 91 Tex. 273, 42 S. W. 856. We think the language of the statute clearly indicates that the garnishee's answer is to be looked to by the court in determining the extent of the garnishee's liability. It appears from the record that the original action against T. O. Earhart, and the garnishment proceeding against the bank, were tried at the same time as one case. The answer being admitted in one branch of the suit as consolidated and tried, it was the duty of appellants, if they did not want it to be considered as evidence against them, to have requested a special charge, limiting its effect.

[11, 12] Appellants assign as error the action of the court in permitting an official of the bank to testify:

"We have had, ever since Mr. Earhart left, we have had some notes in the vault that belonged to him."

Ordinarily, it would be reversible error to admit such evidence, since in a case of this nature the question of ownership is one of mixed law and fact; but the answer of the jury to special issue No. 5, to the effect that T. O. Earhart never gave the note to his wife, and the face of the note itself fixing the ownership in T. O. Earhart, the error, if any, was harmless. We think the findings of the jury are sufficiently clear, and determine adversely to appellants the issue of homestead.

Our original opinion is withdrawn, and the clerk is ordered to file this in its stead. What we have said disposes of the various assignments, and the judgment is affirmed.