**HESTER v. HESTER et al.**

No. 14862.

Court of Civil Appeals of Texas.
Fort Worth.
Sept. 26, 1947.

Simon, Wynn, Sanders & Jones, of Fort Worth, for appellant.

Harrell & Harrell, of Breckenridge, for appellees.

SPEER, Justice.

This is an appeal from an order of the district court of Tarrant County sustaining the plea of privilege filed by one of the defendants.

John L. Hester, hereinafter called plaintiff, filed this suit against "The State Life Insurance Company, of Indianapolis, Indiana," hereinafter referred to by us as insurance company, and Alda Belle Hester, administratrix of the estate of Henry W. Grady Hester, deceased, to whom we shall refer as administratrix.

Plaintiff sought recovery against the insurance company for $1,000 on an insurance policy issued by the company on the

life of Henry W. Grady Hester, deceased. He alleged the issuance and effectiveness of the policy, and the death of insured. That he was the designated beneficiary in the policy of insurance and entitled to collect it; that administratrix defendant was "claiming some character of interest in said policy or the proceeds therefrom, although your plaintiff was the beneficiary of the same."

Plaintiff pleaded alternatively that he was the owner of said policy of insurance, the same having been given to him and that by reason of such gift he is entitled to its proceeds.

In another alternative plaintiff pled that the policy had been assigned to him and by reason thereof he was entitled to it and its proceeds. His prayer was, in effect, for process and finally for judgment against the insurance company for the One Thousand ($1,000) Dollars, that "Alda Belle Hester, administratrix of the estate of Henry W. Grady Hester, be adjudged to have no interest in said proceeds of said policy sued upon * * *." This was followed by a prayer for costs and "further relief."

Thereafter the administratrix timely filed her plea of privilege to defend the suit in the county of her domicile. The plea is in statutory form and no criticism of it is made.

On the next day after the plea of privilege was filed, defendant insurance company filed its bill of interpleader, admitting the issuance of the policy, its effectiveness at the time of the death of insured and confessed its liability thereon. It alleged that Beatrice Zelpha Holley, a sister of insured, was the beneficiary named in the policy; there were additional allegations referable to the provisions in the policy as to changes in the beneficiary. We shall note this later when we discuss the provision referred to.

The insurance company further alleged that no notice of intention to change the beneficiary was ever received by it during the lifetime of the insured. That on January 6, 1947, it was notified that the administratrix had qualified as such of the estate of the insured; that both plaintiff and the administratrix had made proof of death and each were claiming the proceeds of the policy. Admitting liability on the policy for $1,000.00 and not knowing to whom it should be paid, the company tendered the money into court and prayed, among other things, that: "The Court order the disposition and distribution of same to the rightful owner or owners and discharge this defendant Company from all liability to the said John L. Hester and the said Alda Belle Hester by reason of said policy." And for costs including its named attorneys fee.

The plea of privilege by the administratrix and plaintiff's controverting affidavit, which made the petition a part thereof, came on for hearing by the court without the intervention of a jury.

At the beginning of the hearing it was stipulated that the policy was issued, that it was effective at the time of the death of insured in August, 1946; that the first beneficiary named in the policy, Beatrice Zelpha Holley, predeceased the insured; that proofs of death of insured had been made and that plaintiff resides in Tarrant County, Texas.

Plaintiff offered in evidence the bill of interpleader filed by the Insurance Company, but upon objection the court declined to admit it as a whole, but did admit those portions only which show the company had tendered the amount due on the policy into court to be delivered to whom the court orders.

Plaintiff offered in evidence the lengthy policy of insurance. The parts pertinent to this appeal are: "The State Life Insurance Company, Indianapolis, Indiana, agrees to Pay at its Home Office, Indianapolis, to Beatrice Zelpha Holley, his sister the Beneficiary, if living, otherwise to the insured's executors, administrators or assigns, the sum of One Thousand Dollars, less any indebtedness to the Company on account of or secured by this Policy * * * upon receipt at said Home Office of due proof of the interest of the claimant and of the death of Henry W. Grady Hester the Insured." There is no contention that there was any indebtedness against nor unpaid premiums on the policy.

That part of the policy referable to change of beneficiary reads: "Change of Beneficiary. If the right has been reserved, the insured may change the beneficiary at any time, subject to the rules of the Company, by written notice to the Company, at its Home Office; such change shall take effect on the endorsement of the same on the Policy by the Company, and be subject to the rights of any assignee or other person having any interest in the proceeds of said Policy."

The policy provides: "Assignment. No assignment of this Policy shall be binding on the Company until it is filed with the Company at its Home Office. The Company will not assume any responsibility for the validity of any assignment. All claims under assignments are subject to satisfactory proof of the assignee's interest in the life of the insured."

Attached to the policy in evidence appears a lithographed copy of a certificate made by the Commissioner of Insurance, of Indiana, which reads:

"Insurance Department

"Office of Commissioner of Insurance

"Clarence C. Wysong, Commissioner of Insurance, Indianapolis, February 20, 1929

"I, Clarence C. Wysong, Commissioner of Insurance of the State of Indiana, hereby certify that the State Life Insurance Company, of Indianapolis, Indiana, incorporated under the Compulsory Reserve Deposit Law of the state of Indiana enacted February 10th 1899 [c. 28], has in this office in accordance with Section 10 of said Law and in accordance with Chapter 71, of the Laws of the State of Indiana, enacted March 3rd, 1921, a deposit of securities in an amount equal to the net cash value of its outstanding policies as of December 31st, 1928. In Witness Whereof, I hereunto set my hand and affix my official seal at Indianapolis, Indiana, this the 20th day of February, 1929.

"(Signed)     Clarence C. Wysong
"(Seal, of the Com-     Commissioners of
    missioner of In-          Insurance
    surance)          "State of Indiana."

Plaintiff John L. Hester testified in his own behalf in substance, that: He lives in Tarrant County, Texas; insured Henry W. Grady Hester was his oldest brother and is dead. Upon being shown an instrument which we shall presently quote, he said it bears the genuine signature of Henry W. Grady Hester; he first saw the paper soon after his brother's death; Harland Hester, another brother who resides in Tarrant County, gave it to him. Upon being recalled to the stand he said that at least a year before his insured brother died, he and his brother Harland Hester were looking into Harland's lock box for a bond and he saw the insurance policy and the instrument (in controversy) in the box; the policy remained in Harland Hester's box until insured died and thereafter the policy and the instrument were delivered to witness by Harland Hester. The instrument was offered in evidence and objected to by counsel for the administratrix as violative of Art. 3716, R.C.S. Court inquired if the instrument had been sent to the insurance company and plaintiff's counsel replied, "Not before the death of insured." The objection by the administratrix was overruled, court stating that he would take care of the objection by such judgment as he should enter. The instrument reads:

"November 15, 1944
"Re: Policy #402900.
"State Life Ins. Co.
"Indianapolis, Indiana.
"Gentlemen:

"Since the death of my sister, Beatrice Zelpha Holley, as of November 6th this year, I wish to change the beneficiary to: John L. Hester, Brother, and as contingent beneficiary, Harland H. Hester, brother, both of Fort Worth, Texas.

"Yours very truly,
"(Signed)   Henry W. Grady Hester.

"On this the 15th day of November, 1944 personally appeared Henry W. Grady Hester, known to me and under oath says the above is true and correct.
"(Seal)       Ross Elliott
"Notary Public,
"Stephens County, Texas."

Walter Richard Lynn testified in behalf of plaintiff in substance, that: He lived in Tarrant County, Texas, was in the life

insurance business, associated with State Life Insurance Company of Indianapolis; had an office in Tarrant County, Texas; did not have a copy of the charter of State Life Insurance Co., nor a copy of "the franchise or right to do business in the state of Texas." Witness said he had before him "Dun's Insurance Report," which sets forth the basis of the various life insurance companies in the United States, and added "We subscribe for it for that purpose." Contents of the book were offered and administratrix objected for lack of pleadings that the company was a corporation and that it had a permit to do business in Texas, was not the best evidence and was hearsay. Objection was overruled, court stating, in effect, he was going to let it in for such effect as it might have but he did not think it determinative of the way he might decide the issues. Witness read from the book that the company was authorized to transact business in several named states including Texas. That it was incorporated under the laws of Indiana in 1894.

A short form judgment was entered by the court sustaining the plea of privilege of the administratrix, and ordering the case transferred to the district court of Stephens County, Texas. The judgment recites no other findings of fact than that, "At the time of the execution and filing of said defendant's (administratrix) plea of privilege herein, she was a resident of Stephens County, Texas, and did not reside in Tarrant County, Texas, and that no exception to exclusive venue in the county of one's residence provided by law, exists in said cause." Plaintiff has perfected this appeal from that judgment.

Three points of assigned error are relied upon by plaintiff for reversal. They are in substance (1) The court had venue under exceptions 23 and 29a, Art. 1995, R.C.S., Vernon's Ann.St. Art. 1995, subds. 23, 29a; (2) plaintiff introduced sufficient evidence to make out a prima facie case of gift of the insurance policy and its proceeds to him; and (3) He was only required in this case to plead and prove the venue facts necessary to show the insurance company and the administratrix were suable in Tarrant County where the suit was instituted, and was not required to produce all of his testimony going to the merits of the case.

After a very careful study of the entire record in this case we have concluded that the judgment entered should be sustained.

There was no request for findings of fact and conclusions of law and none were filed by the trial court.

■ It is a settled principle of law and procedure in this state that where trial is to the court and there are no findings of fact requested or filed, the judgment will be affirmed if it finds support in the pleadings and testimony upon any theory at issue. This has been held many times, but we cite only Rio Bravo Oil Co. v. Staley Oil Co., 138 Tex. 198, 158 S.W.2d 293. The same rule has been applied by this court in venue suits. Rasberry v. Jones, Tex.Civ.App., 195 S.W.2d 947. Also, where no findings of fact are filed, and there is substantial evidence to support the judgment entered, the appellate court will presume the trial court found those facts in support of the judgment. Rolison v. Puckett, Tex.Sup., 198 S.W.2d 74.

In view of the rules of law above announced, we cannot know whether the trial court found (1) that plaintiff did not meet the requirements of exceptions 23 and 29a of Art. 1995 R.C.S., Vernon's Ann.St. Art. 1995, subds. 23, 29a, or (2) plaintiff had failed to make out by his testimony a prima facie case of gift of the policy and its proceeds to him by the insured.

We pointed out in the first part of this discussion that plaintiff claimed the policy sued on, (1) because he was the beneficiary therein, and alternatively in this order, (2) the policy and its proceeds had been given to him by insured, and (3) as assignee of the policy under its terms.

He disproved the first contention by putting in evidence the policy, showing a different beneficiary, and makes no contention here that he offered any testimony to establish his rights as assignee. We must look alone to his second point of error for the contention that he made out a prima facie case of gift.

In such venue cases as this, it is not encumbent upon a plaintiff to establish his right to recover in the case on its merits by a preponderance of the evidence, but needs only to prove a prima facie case. By "prima facie case" is meant that his testimony must be sufficient to show a cause of action if all testimony to the contrary be discarded. Great Southern Life Ins. Co. v. Williams, Tex.Civ.App., 78 S.W.2d 1063. In this case, there was no conflicting testimony, then we must determine if the testimony offered made a prima facie case of his right to recover on the policy. It is elemental that a party must show himself to have a case against his adversary before he can recover. With this principle in mind, we may ask did plaintiff offer sufficient evidence to show a prima facie case against the insurance company wherein he sought judgment against it under a gift?

Summing up plaintiff's testimony to support his contention of a gift of the policy and its proceeds, we find: There was a policy which represents a claim against the insurance company at the death of insured; it had a value and was the subject of gift by its owner, the insured. The policy and the letter addressed to the company had been in the lock box of a third person for over a year when insured died; that third person was a brother to each plaintiff and the insured. The third brother delivered the policy and letter to plaintiff after the death of the insured, and the letter had not been sent to the company prior to insured's death.

Our courts have held that the crucial point of any inquiry when a gift is asserted is, what was the intent of the asserted donor? If there is a fair inference that a gift was intended then there remains the question did the donor intend for it to be effective at that time or in the future? An effective means of determining if an immediate gift was intended is to inquire if the possession was delivered to the donee. 21 Tex.Jur. 25, 26, sec. 7. "Undoubtedly a gift of personalty may be made by parol and the gift is complete when the property is delivered to the donee, but without delivery there is no completed gift and the intending donor is at liberty to change his mind." Ibid p. 43 sec. 22. We believe that in such instances as we have before us, symbolic "delivery" by donor could be made to a third person as agent of the donee, but that such status must of necessity be proved. But delivery by donor and possession by donee must be with the specific intention of the former to part with all right and title thereto and to vest them in the donee.

Harmon v. Schmitz, Tex.Com.App., 39 S.W.2d 587, 589, is one of the early discussions of an effective gift. Referable to gift, the court said: "To constitute a valid gift inter vivos the purpose of the donor to make the gift must be clearly and satisfactorily established and the gift must be complete by actual, constructive, or symbolic delivery without power of revocation." The rule announced has been followed many times in later decisions.

Plaintiff contends that the letter to the insurance company, which we have quoted (not sent to the company before insured's death) was a circumstance tending to support the asserted gift. If the letter had been sent to the company, it could not be construed to be more than that insured had exercised his option to change the beneficiary in the policy. If he had sent it and the beneficiary had been changed, insured still had the right to change it again.

Practically all issuable facts in a lawsuit may be shown by circumstantial evidence, but as indicated we do not think that the letter, addressed and worded as it was, is even a circumstance to show an intentional gift by insured to plaintiff. Even if the letter had been delivered along with the policy by the insured to plaintiff, in the absence of any further facts it only expressed an intention of insured to change the beneficiary in the policy, and insured must have known that he could not do that by merely telling plaintiff of his intentions without complying with the provisions of the policy.

Again, plaintiff is confronted with the fact that his evidence is wholly void of any explanaton of how, when, or where his brother Harland Hester ever came into pos-

session of the policy and letter in controversy. Their presence in Harland Hester's lock box proves nothing upon which plaintiff can rely to support his contention of a gift. It is just as consistent to say that the deceased brother entrusted his papers to his brother Harland Hester for safekeeping and to be returned to him upon his request, as it is to say that deceased intended by his acts to give the policy and its contents to plaintiff. If deceased left the papers with Harland Hester to be returned upon his request, Harland Hester was deceased's agent and not the agent of plaintiff and deceased could withdraw them at his pleasure. Peterson v. Weiner, Tex. Civ.App., 71 S.W.2d 544, writ refused.

Viewing this record as we do, we conclude that the testimony offered by plaintiff failed to make a prima facie case of his right to recover in this suit and it becomes unnecessary for us to discuss at length whether or not exceptions 23 and 29a to Art. 1995, R.C.S., Vernon's Ann.Civ. St. Art. 1995, subds. 23, 29a, were proven. In any event, plaintiff would have to prove a prima facie case showing his right of recovery. This we think he did not do.

All assigned errors are overruled and the judgment will be affirmed.