Mary Ann **YATES**, Appellant,

v.

**Ray E. BLAKE, Independent Executor of the Estate of Cordie Myhre, Appellee.**

**No. 751.**

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 28, 1973.

Chavez & Barnard, Melchor Chavez, Harlingen, for appellant.

Polk Hornaday, Harlingen, for appellee.

## OPINION

YOUNG, Justice.

This is a suit over ownership of four certificates of deposit. Cordie Myhre brought suit against several defendants, one of which is the appellant, Mary Ann Yates. The plaintiff sought the recovery of numerous items of personal property. At a preliminary hearing on jurisdictional matters, the trial court retained jurisdiction over only one defendant, Mary Ann Yates, and only part of the property, the four certificates of deposit in the total amount of $17,220.58. Mrs. Myhre died before trial (but after the preliminary hearing at which she testified). The estate's executor, Ray E. Blake, was substituted for her. After a jury trial the plain-tiff's motion for instructed verdict was granted and the motion for instructed verdict of the defendant was therefore denied. From a judgment rendered awarding the certificates of deposit to Ray E. Blake, as executor, Mary Ann Yates has appealed.

Appellant's only point of error reads:

"The Trial Court erred in finding that Cordie Myhre did not make a gift of four (4) certificates of deposit to Appellant, Mary Ann Yates, the greater weight of the evidence being to the contrary."

This point of error does not comply with Rule 418, Texas Rules of Civil Procedure because it does not make it clear of what the appellant complains.

Although the appellant's point of error complains of the insufficiency of the evidence, her prayer for relief is based on a "no evidence" contention. She asks for a reversal and rendition of the judgment for appellant. A complaint of the trial court's action dismissing the jury and in instructing a verdict for the plaintiff, would call for a "no evidence" type point of error. We overrule appellant's point as being insufficient to direct this court's attention to a proper point of error.

Even if a liberal construction of the rule would require us to look to the statement of the case, the argument of the attorneys and the prayer for relief to determine the nature of appellant's complaint on appeal, we would nevertheless overrule appellant's point of error as being without merit.

Her position seems to be that the evidence presents an issue of fact as to whether or not a gift was made. And further, she contends that the evidence establishes conclusively, or as a matter of law, that a gift was made.

This dispute arose among relatives. Mrs. Myhre had lived with her husband on a small farm near San Benito, Cameron County, Texas, in excess of 30 years. Her

husband died April 19, 1967. Even though she was over 80 years old, she continued to live alone on the farm until her health worsened. She left Texas in February, 1968 to live with her sister, Mrs. Cressie Blake, in McArthur, Ohio.

Mrs. Mary Ann Yates, the appellant, was a niece (and daughter of Mrs. Cressie Blake) of Mrs. Myhre. She had been divorced fifteen years and reared five children, in Ohio, substantially alone. At times prior to the transaction in dispute Mrs. Myhre had made gifts of cash and stock to the appellant and her children.

The operative facts concerning the disputed gift, which we present most favorably to and from Mrs. Yates' viewpoint, are as follows: There had been issued to Mrs. Myhre two of the subject certificates of deposit (one June 6, 1967 and one July 5, 1967) by a bank in Harlingen, Texas. On February 5, 1968, at Mrs. Myhre's request, both certificates were changed by the bank, by adding the appellant's name, to read "Payable to the order of herself (Mrs. Myhre) or Mary Ann Yates."

Also there had been issued to Mrs. Myhre the other two of the subject certificates of deposit by a bank in San Benito, Texas. One of the certificates was issued to Mrs. Myhre on June 23, 1967 and subsequently, at Mrs. Myhre's request, the bank added the appellant's name so that it provided "Payable to the order of Cordie Myhre or Mary Ann Yates". The other certificate of deposit was a reissue on October 30, 1967, and it read "Payable to the order of Mrs. Cordie Myhre or Mrs. Mary Ann Yates". The including of the appellant's name on all the certificates was done without appellant's knowledge and before Mrs. Myhre moved to Ohio.

A few days after Mrs. Myhre moved (in February, 1968) to Ohio from Texas, she asked the appellant to take her downtown to put some papers in a safety deposit box. On March 2, 1968, at the bank Mrs. Myhre handed the appellant an envelope (which contained the subject certificates of deposit, some Series E Bonds, some stock certificates and a will). Mrs. Myhre told the

appellant to rent a box in the appellant's name. She gave her the money for the box rental. The appellant (not knowing the contents of the envelope) went into the bank with the envelope while Mrs. Myhre waited in the car. In the bank she rented the box in her name with her sister, Irene Calvin, named as deputy. The appellant says that, at about this time, Mrs. Myhre told her that: ". . . she gave them to me to be mine and put in there Irene as deputy because all the things that were in there *were to be mine and Irene's upon her* (Mrs. Myhre's) *death.*" (Emphasis supplied.)

The envelope remained unopened in the safety deposit box until August 28, 1968, at which time the appellant removed it because Mrs. Myhre had requested the return of the papers. Instead of returning the envelope to Mrs. Myhre, the appellant took it home, opened it, and inspected the contents. For the first time she knew that her name was on the certificates as one of the payees.

The next day the appellant took the items (including the subject certificates of deposit) with her to Athens, Ohio and sought, and received, the advice of a lawyer. The certificates of deposit were never returned by the appellant to Mrs. Myhre even though the return was requested.

We conclude that these facts do not support a gift. In Wells v. Sansing, 151 Tex. 36, 245 S.W.2d 964 (1952) it was said:

". . . to constitute a gift inter vivos there must be a delivery of possession of the subject matter of the gift by the donor to the donee, and a purpose on the part of the donor to vest in the donee, unconditionally and immediately, the ownership of the property delivered. . . ."

Further, in Chaison v. Chaison, 154 S.W. 2d 961 (Tex.Civ.App.—Beaumont 1941, writ ref'd w. o. m.) these points were discussed as follows:

". . . Until a donor has divested himself, absolutely and irrevocably of the title, dominion, and control of the

subject of the gift, he has power to revoke it.  .  .  ."

When Mrs. Myhre requested the banks in Texas to add the name of the appellant to the certificates of deposit, she retained ownership in herself as a payee. She thus had the power to have deleted the appellant's name at any time and the power to exchange the documents for cash.

When the appellant received possession in Ohio of the unopened envelope containing the certificates, she was no more than a bailee or custodian of the envelope, not the certificates. Mrs. Myhre still had the power to remove appellant's name from the certificates if there was in fact a gift in progress. The undisputed evidence showed no inter vivos gift. Mrs. Myhre's attempt to revoke the conditional ("upon her death") gift by requesting of the appellant to return the certificates to her during her lifetime, confirms her intention not to vest unconditional ownership in the appellant. Appellant's point is overruled.

The judgment of the trial court is affirmed.