Joe Ed GLOVER, Appellant,

v.

James Ronald MOORE and Richard Lee Moore, minors, Appellees.

No. 4946.

Court of Civil Appeals of Texas, Eastland.

Dec. 2, 1976.

D. August Boto (Gilliland, Cates, Flagg & Rowton), Dallas, for appellant.

Clyde Stanley Boose, Seymour, for appellees.

WALTER, Justice.

Charles W. Reagan, guardian of the persons and estates of James Ronald Moore and Richard Lee Moore, minors, and as independent executor of the estate of Evelyn Joyce Glover filed suit to recover funds held by Joe Ed Glover. The guardian recovered a judgment against Joe Ed Glover for $16,800.00 and Glover has appealed.

Joe Ed Glover married Evelyn Joyce Moore on August 6, 1973. On November 5, 1973, she withdrew $20,712.89 from her account at Olney Savings Association. On the same day, Mrs. Glover accompanied by her husband cashed the Olney check at First National Bank in Seymour by receiving some cash and a cashier's check made payable to the order of Mr. or Mrs. Joe Glover in the amount of $15,000.00. Thereafter, Glover replaced the First National check with one from Farmer's National Bank in Seymour payable to the order of Mr. or Mrs. Joe Glover and placed it in a joint safety deposit box which he held with his wife in the Farmer's bank. Mrs. Glover died November 25, 1973. Thereafter, Glover took the check from the lock box and purchased a cashier's check from City National Bank in Wichita Falls made payable to him. Glover cashed the $15,000.00 check at the City National Bank and deposited most of it in said bank.

Appellant contends the court erred in refusing to grant his motion for change of venue. Appellant filed his application for a change of venue under Rule 257, T.R.C.P. and appellee filed a controverting affidavit thus forming an issue on the change of venue question. After a hearing, the court overruled the motion.

The burden of proof upon the motion for a change of venue was on the appellant. The granting or refusing of such a motion will not be disturbed on appeal unless there is an abuse of discre-

tion. *Bennett v. Jackson,* 172 S.W.2d 395 (Tex.Civ.App.—Waco 1943, writ ref. w. o. m.).

██ We have considered the entire record and find the court did not abuse his discretion in refusing the motion.

██ The appellant contends:

### "APPELLANT'S SECOND POINT OF ERROR

The trial court erred in overruling appellant's motion for new trial since there was insufficient evidence to support the jury verdict."

The issues and the jury's answers are as follows:

"SPECIAL ISSUE NO. 1

Do you find by clear and satisfactory evidence that the said Evelyn Joyce Glover did not intend to make a gift of the money in question to her husband, Joe Ed Glover?

Answer 'She did not intend' or 'She did intend.'

ANSWER: *She did not intend.*

SPECIAL ISSUE NO. 2

Do you find by clear and satisfactory evidence that Evelyn Joyce Glover did not make an immediate, voluntary transfer of said money in question to her husband, Joe Ed Glover?

Answer 'She did not make', or 'She did make.'

ANSWER: *She did not make.*"

In *State v. Abernathy,* 431 S.W.2d 359 (Tex.Civ.App.—Amarillo 1968, writ ref. n. r. e.), the court said:

". . . Our courts have uniformly held that in order to constitute a valid gift inter vivos or causa mortis, there must be a delivery of possession of the thing given; and the intention of the donor to vest in the donee unconditionally and immediately the ownership of the property delivered. *Weems v. First National Bank of Winnsboro* (Tex.Civ.App.) 234 S.W. 931; *Wells v. Sansing,* 151 Tex. 36, 245 S.W.2d 964; *O'Donnell v. Halladay* (Tex.Civ.App.) 152 S.W.2d 847 (ref'd

w. o. m.); 27 Tex.Jur.2d, p. 158, Gifts, Sec. 12."

After Mrs. Glover withdrew her separate funds from the Olney Savings, she did not make a delivery of possession of the money to Glover. The fact that Mrs. Glover retained control of the check by having it payable to her or her husband constitutes evidence she did not intend to make an inter vivos gift.

We have considered the entire record and hold the findings are not against the preponderance of the evidence. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

We have considered all of appellant's points and find no merit in them. They are all overruled.

The judgment is affirmed.