Thomas David MARSHALL, Jr. and Dana Jo Dunkerson, Trustees of the Marshall Family Trust and Income Beneficiaries of the Marshall Family Trust, Appellants,

v.

Tom MARSHALL, Appellee.

No. 9795.

Court of Appeals of Texas, Texarkana.

Feb. 27, 1990.

David Folsom, Young, Patton & Folsom, Texarkana, for appellants.

Michael Stevens, Texarkana, for appellee.

CORNELIUS, Chief Justice.

Thomas David Marshall, Jr. and Dana Jo Dunkerson appeal from a judgment which declared that a family trust was ineffective because the subject of the trust had not been transferred to the trustees. We will affirm the judgment.

On August 23, 1985, Thomas Marshall, Sr., as grantor, and his sons and daughter, Thomas Marshall, Jr., Douglas Marshall, and Dana Jo Dunkerson, as trustees, executed a trust indenture to create the Marshall Family Trust. The trust was to be irrevocable and was to consist of 5,000 shares of stock in Marshall Health Care, Inc. On November 15, 1985, Thomas Marshall, Sr. sought to dissolve the trust, contending that it was ineffective and void. The trustees filed a petition for declaratory judgment that the trust was valid and subsisting. The trial court found that the stock was never transferred to the trustees, and thus concluded that no valid trust had been created.

The trustees contend that the trial court's finding is against the great weight and preponderance of the evidence. To determine the factual sufficiency of the evidence, this Court must consider and weigh all of the evidence, including both that supporting and that which is contrary to the trial court's judgment. *Burnett v. Motyka*, 610 S.W.2d 735 (Tex.1980).

A trust may be created by a property owner's *inter vivos* transfer of property to another person as trustee for the transferor or for a third person. Tex.Prop.Code Ann. § 112.001(2) (Vernon 1984).[1] To constitute a valid gift *inter vivos*, there must be a written conveyance, or possession of the property must be delivered to the donee. *Wells v. Sansing*, 151 Tex. 36, 245 S.W.2d 964 (1952). Delivery requires that the property be placed within the control of the donee with the intention that a transfer of the title becomes currently operative.

Shares of stock in a corporation may be transferred by an assignment in writing on the certificate or in a separate document, and a delivery of the certificate to the transferee, or a surrender of the certificate

---

1. The declaration of trust alone, without an assignment of the stock, was not sufficient to create a trust in the stock pursuant to Tex.Prop. Code Ann. § 112.001(1) (Vernon 1984), because Thomas Marshall, Sr., the owner of the stock, did not declare that he held the stock as trustee, but rather purported to assign it to others as trustees.

and procuring another in which the transferee is named as owner. Tex.Bus. & Com. Code Ann. §§ 8.308, 8.309 (Vernon Supp. 1990); 15 Tex.Jur.3d *Corporations* § 140 (1981); 47 Tex.Jur.3d *Investment Securities* § 26 (1986); 72 Tex.Jur.3d *Trusts* § 21 (1990). The by-laws of Marshall Health Care, Inc. provide that shares may be transferred by delivery of the certificates together with a written assignment of the shares or a power of attorney to sell or assign the shares.

The trust indenture executed by Thomas Marshall, Sr. and the trustees contains the language "The Grantor does hereby transfer and assign unto the Trustees, the property listed in Schedule A, . . . ." The 5,000 shares of stock in Marshall Health Care, Inc. are described in Schedule A. Even if this instrument would suffice as a written assignment of the stock certificates, they must have been delivered to or placed in the control of the trustees in order for the assignment to be fully effective.

The evidence is conflicting as to whether the stock certificates were placed within the control of the trustees. The certificates were not endorsed or surrendered. There was testimony by Dana Jo Dunkerson that her father offered her the stock, but that she agreed that he could hold it for her. Thomas Marshall, Jr. testified that his father told him the certificates were in the bank in a safety deposit box to which he had a key. Thomas Marshall, Sr., however, denied that the certificates had ever been delivered to the trustees or to any safety deposit box.

Whether delivery has occurred is a question of fact. *Ragland v. Kelner,* 148 Tex. 132, 221 S.W.2d 357 (1949). The trial court, as the trier of fact, found that the certificates were not delivered to the safety deposit box and as such had not been placed within the control of the trustees. If there is sufficient evidence to support a finding of fact, the appellate court will not substitute its conclusions for that of the jury or the trier of fact. *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986).

After reviewing all of the evidence, we find that there is some evidence to support the trial court's finding that the stock certificates were not transferred to the trustees, and that such finding is not against the great weight and preponderance of the evidence.

On cross-point, Thomas Marshall, Sr. contends that the trial court erred in not holding as a matter of law that the trust, if created, was unenforceable because he created the trust for the sole purpose of defrauding his creditors. It is not necessary for us to reach this point.

The judgment of the trial court is affirmed.